UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DONALD CLARKIN | Criminal No. 21-438 (MAS)<br><br><u>**OPINION & ORDER**</u> |

Defendant Donald Clarkin presently submits an application for modification of his conditions of pretrial release (1) to permit him to keep a prepaid, nonrefundable vacation trip to Mexico with his fiancé and her minor daughter between July 20, 2021 and July 27, 2021, and (2) to return his passport to him for the limited purpose and duration of that one-week vacation. The United States of America opposes that application. Presently before the Court for consideration are the following: 1) Defendant's motion to modify conditions of release, with attachments, filed on June 10, 2021, <u>see</u> Docket No. 12; 2) the response of the United States of America to that motion, with attachment, filed on June 29, 2021, <u>see</u> Docket No. 13; and Defendant's reply, filed on June 30, 2021, <u>see</u> Docket No. 14. For the reasons set forth herein, Defendant's application is denied.

On May 24, 2021, a federal grand jury returned a five-count indictment charging Defendant with Conspiracy to Defraud the United States and to Offer, Pay, Solicit, and Receive Health Care Kickbacks in violation of 18 U.S.C. § 371, as well as one count of Receipt of Health Care Kickbacks in violation of 42 U.S.C. § 1320a-7b(b)(1)(B) and three counts of Payment of Health Care Kickbacks in violation of 42 U.S.C. § 1320a-7b(b)(2)(B). <u>See</u> Docket No. 1. Specifically, the indictment alleges that Defendant and his co-conspirators caused more than 5.4 million dollars in fraudulent claims to be submitted to

1

Medicare for laboratory tests that were medically unnecessary, ineligible for reimbursement, not provided as represented, and procured through kickbacks and bribes. See id. at 9-10. The indictment further charges that, in furtherance of the two-year conspiracy, Defendant and his co-conspirators fabricated sham contracts, invoices, and other documentation to disguise the illegal kickbacks and bribes. See id. at 9.

Defendant was arrested on the charges on May 25, 2021 and had his initial appearance before the undersigned on the same day. See Docket No. 4. At that appearance, Defendant was released on an unsecured bond of $200,000 and with certain conditions. See Docket No. 4. Among those conditions, Defendant was ordered to surrender his passport to U.S. Pretrial Services and he was prohibited from traveling outside of the continental United States. See id. At that time, Defendant's attorney informed the Court and the prosecution that Defendant had a prepaid, nonrefundable vacation to Mexico planned for late July with his fiancé and her minor daughter. Defendant's attorney was then instructed to raise that issue with the Court following arraignment.

Defendant was arraigned before the District Judge on June 1, 2021, and his release terms were continued without modification. See Docket No. 8. Shortly thereafter, Defendant's attorney raised the issue of Defendant's proposed Mexico trip with the attorneys for the United States and requested their consent. The United States indicated that it would not consent to the trip under any conditions. This motion followed.

In making the case that the proposed trip should be permitted, Defendant brings up several points which he claims demonstrate that the trip will raise neither an undue risk of flight nor an unreasonable risk of danger to the community. See Docket No. 12, at 3-4.

First, Defendant raises his relationships with his fiancé and her daughter and other ties to his home community of Staten Island, including his daily care of his 92-year old father at their shared house in Staten Island, his local relationships with his brother and his three adult children and their families, his home and condominium in the area, and his business. He further suggests that a recent total knee replacement surgery and his attendant loss of mobility militate against the possibility he can or would flee. He notes that he has no history of substance abuse or mental or emotional disorders, that he does not possess any dangerous weapons, that he has no prior criminal history, and that he has been compliant with all Government and Court directives since he was first notified of the current charges, and he points out that the Court has already seen fit to grant him unsecured release in this case. He further urges that it would be unfair for him to have to forfeit the nonrefundable expense of the proposed trip, and he says he would be willing to agree to certain restrictions on his trip if the Court deemed them necessary. Finally, he notes that if he were to abscond, Mexico has a long-standing extradition treaty with the United States. In short, Defendant argues that the foregoing renders it inconceivable that he will pose an undue risk of flight or danger to the community if permitted to travel to Mexico and that his request should therefore be approved.

In response, the United States notes that, in setting bail, the Court is charged with imposing the least restrictive set of conditions that will reasonably "assure the appearance of the person as required." See Docket No. 13, at 2 (quoting 18 U.S.C. § 3142(c)(1)(B)). The United States then points out that, in this case, the Court saw fit to impose the restrictions of passport surrender and no foreign travel as necessary conditions to ensure the Defendant's appearance at future Court proceedings. The United States goes on to

offer three specific arguments as to why Defendant's proposed deviation from these conditions would unacceptably raise the risk of flight in this matter. First, the United States argues that Defendant faces potentially a significant sentence on the serious charges he faces and that, given the fact he is now 65 years old, he would have a strong motive to abscond rather than to spend most or all of his remaining years in prison. Second, the United States notes that Defendant has access to substantial assets which he may use to fund his flight from the country. Finally, the United States claims that Defendant's assurance that he will not abscond should not be trusted since he has been charged in this case with already having engaged in multiple acts of deceit involving the United States. For these reasons, The United States urges that Defendant's request for permission to take his Mexico trip should be denied.

In his reply, Defendant principally reiterates the reasons expressed in his initial moving papers why his request to travel to Mexico should be granted, while challenging the failure of the United States to address those reasons directly in its opposition papers.

At the outset, the Court observes that the concern presented here plainly involves the risk of flight. While any bail determination must involve an evaluation of both risk of flight and potential danger to the community, the Court does not discern any evidence in this case that Defendant's release on bail – or even his proposed trip to Mexico – would pose a danger to the community, and the United States does not appear to suggest otherwise. Consequently, the Court must evaluate whether Defendant's proposed trip to Mexico will raise the chances that he will abscond to such a level that the Court cannot properly permit it.

Defendant has suggested, and the Court does not disagree, that the terms of his release in this matter were essentially generous. Defendant, despite being charged with rather serious crimes, was released on an unsecured bond and was permitted to travel within the continental United States. Nevertheless, as the United States pointedly notes, the terms of Defendant's release did include conditions that he surrender his passport and, by implication, that he not travel outside of the continental United States. These particular terms of release were not imposed as a flight of fancy by the Court; rather, the Court believed then, and continues to believe, that these conditions are reasonably necessary to assure Defendant's continued appearance at proceedings in this matter. 18 U.S.C. § 3142(c)(1)(B). In requesting that his passport be returned and that he be permitted to take a trip to Mexico, Defendant is essentially asking that the Court read these important terms of release out of a release package the Court has already determined was proper.

Like the United States, the Court is concerned that Defendant is in his sixties and facing a potentially lengthy prison sentence and so has a potentially powerful reason to flee, that he apparently has the financial means to abet any attempt to abscond, and that he has been changed with rather elaborate crimes that involve an ongoing lack of candor with the United States. The Court is not unsympathetic to Defendant's arguments and certainly does not believe they are frivolous or presented for improper reasons. The Court appreciates the points raised in Defendant's submissions, including <u>inter alia</u> that he has significant ties to his home community, that he does not have any prior history of substance abuse or mental illness, that he has no prior criminal history, and that he has participated in these proceedings to date without incident. If the Court did not assign significance to these points, it would have not granted Defendant rather generous terms of release in the

first place. The Court also sympathizes with Defendant's observation that much (if not all) of the money he prepaid months ago for the proposed trip appears to be non-refundable. Still, that does not undermine or change the Court's analysis with respect to risk of flight or the minimum conditions necessary to assure Defendant's continued appearance at proceedings in this matter. In the Court's estimation, the current request is simply a bridge too far and must consequently be denied.

Accordingly, for the foregoing reasons, and good cause appearing,

IT IS on this 8th day of July, 2021,

ORDERED that Defendant's motion for modification of his conditions of pretrial release (1) to permit him to keep a prepaid, nonrefundable vacation trip to Mexico with his fiancé and her minor daughter between July 20, 2021 and July 27, 2021, and (2) to return his passport to him for the limited purpose and duration of that one-week vacation be and the same is herewith denied.

Hon. James B. Clark III
United States Magistrate Judge