IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-438 (MAS) |
| | ) | |
| DONALD CLARKIN | ) | |
| | ) | |

**[PROPOSED] PROTECTIVE ORDER**

This matter having come before the Court upon the application of the United States, by Rachael A. Honig, Acting United States Attorney for the District of New Jersey (Rebecca Yuan, Department of Justice Trial Attorney, appearing), pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a protective order concerning the use, dissemination, and disposition of certain information that may be disclosed in the course of discovery proceedings in this case, and for good cause shown,

IT IS on this ___ day of July, 2021,

ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that:

1. The term "Protected Discovery Material" means materials obtained by the United States that contain (1) personal identifying information of third parties, including, but not limited to, social security numbers, dates of birth, telephone numbers, addresses, financial information (such as bank account numbers), and Medicare and Medicaid beneficiary identification numbers, and (2) personal health information of third parties.

2. <u>Use of Protected Discovery Material.</u>  Defendant and defense

counsel shall only use the Protected Discovery Material to prepare a defense in this case, including investigation, trial preparation, trial, and appeal.  The Protected Discovery Material shall not be used for any other purpose, or in connection with any other proceeding, without further order of this Court.

     3.    <u>Access to Protected Discovery Material.</u>  Defense counsel shall not disclose the Protected Discovery Material to any person or entity other than Defendant, agents of defense counsel who are directly assisting in the representation of Defendant (including any office staff of defense counsel), any expert witnesses retained by Defendant, any investigators retained by Defendant, any fact witnesses (and their counsel) who are interviewed by defense counsel for purposes of preparing a defense in this case, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

     4.    <u>Limits on Disclosure</u>.  Authorized persons who review or retain Protected Discovery Material in the manner described above must ensure that the Protected Discovery Material, any necessary copies, or their contents thereof, are not relinquished or disseminated, physically or electronically, to any non-authorized person without further order of the Court.

     5.    <u>Notice of Protective Order.</u>  Defense counsel will inform all authorized persons having access to the Protected Discovery Material of the contents of this Protective Order, and its terms will be binding upon those persons.

6. <u>Leave of Court.</u>  Defense counsel will obtain leave of the Court before disseminating Protected Discovery Material to anyone other than authorized persons.

7. <u>Control of Protected Discovery Material.</u>  Defense counsel, including staff, paralegals, legal assistants, and secretaries, and Defendant shall remain in control of the Protected Discovery Material, including any copies thereof, until the final resolution of this case.

8. <u>Copies.</u>  Protected Discovery Material shall only be copied by defense counsel, including office staff and agents of defense counsel, and any expert witnesses retained by Defendant, to the extent necessary to prepare the defense of the case.  Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

9. <u>Storage of Protected Discovery Material.</u>  The Protected Discovery Material is to be stored in a manner that protects it from unauthorized disclosure.

10. <u>Additional Representatives.</u>  Any counsel of record who is retained or appointed to represent Defendant, or who is later relieved of representation of Defendant, is bound by the terms of this Order unless excused from its terms by Court Order.

11. <u>Resolution of Case.</u>  Upon resolution of all stages of this case, defense counsel shall destroy or return to the United States the Protected

Discovery Material and all copies made thereof, and certify the disposition of any such materials to the Court and the United States. The obligations imposed by this Protective Order survive the final resolution of this case, and the Court shall retain jurisdiction after such final determination for the limited purpose of enforcing the provisions of this Protective Order until and unless the Court decides otherwise.

12. <u>Judicial Proceedings.</u>  The restrictions set forth in this Protective Order do not apply to documents once they have become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of Protected Discovery Material in judicial proceedings in this case.

13. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

**IT IS SO ORDERED.**

Dated:  _____          _____
                                                HON. MICHAEL A. SHIPP
                                                United States District Judge